IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JERRY CLYDE SCHILLING, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY ALONSO, *et al.*, )<br>   Defendants. ) | Civil No. 7:08-CV-159-O |

MEMORANDUM OPINION AND ORDER

The Plaintiff, Jerry Clyde Schilling, is a parolee from the Texas Department of Criminal Justice. Defendants are his parole officer, three parole supervisors, and unidentified Wichita County Jail staff. Second Amended Complaint ¶ IV.B. Schilling claims that his parole officer, Anthony Alonso, lied when he accused Plaintiff of failing two urine tests. *Id.* at ¶ V. Plaintiff claims that Alonso made false accusations that Schilling first tested positive for marijuana, and later for amphetamines. Plaintiff's Answer to the Court's Question No. 8. Plaintiff alleges that Alonso didn't like him and was out to get him. *Id.* He claims that Alonso's unlawful actions resulted in confinement in an Intermediate Sanction Facility[1] (ISF) and that he suffered a nervous breakdown and lost his job and his property. *Id.* Schilling seeks redress against three supervisory parole officers for failing to take action when he reported Alonso's false accusations. *Id.* at Nos. 9-11. In addition to his allegations related to parole, Plaintiff claims that, when he was arrested and taken to

---

[1] An Intermediate Sanction Facility (ISF) is a short-term detention facility that houses offenders who violate their community supervision. An ISF is used as an option to revoking an offender's parole and sending him back to prison. ISF services include education, life skills training, and community service restitution. http://www.tdcj.state.tx.us/cjad/cjad-residential.htm#ISF

the Wichita County Jail, he was tortured for refusing to relinquish his "medical boots and federal stamped envelopes." Second Amended Complaint ¶ V. Schilling seeks monetary damages to compensate him for mental and physical pain, for loss of property, and for loss of "everything else in [his] life that's irreplaceable." *Id.* at ¶ VI.

Under the Prison Litigation Reform Act of 1995, a federal action filed by an individual proceeding *in forma pauperis* must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B). Because Plaintiff is proceeding *in forma pauperis*, his allegations are subject to screening by the Court prior to any service of process to determine whether his claims should proceed. *See* 28 U.S.C. § 1915; *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998) (per curiam). *Pro se* plaintiffs are not held to the strict pleading standards of licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Factual allegations set forth by *pro se* litigants are accepted as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985). An action may be dismissed for failure to state a claim when it is clear

that the plaintiff can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

The Court first notes that Plaintiff's parole was not revoked, rather, he was sent to an ISF as a result of the alleged parole violation (i.e. - the positive urine test). *See* Plaintiff's Answer to the Court's Question No. 5. Under Texas law, confinement in an ISF is a condition of parole which the Board of Pardons and Paroles is authorised to impose in lieu of revoking an offender's parole. *Ex parte Adams*, 941 S.W.2d 136, 137 (Tex. Crim. App. 1997) (en banc). ISF confinement is a change in the conditions of parole release as opposed to revocation and incarceration. *See Ex parte McCurry*, 175 S.W.3d 784, 785 n. 1 (Tex. Crim. App. 2005) (recognizing that Texas law permits a wide-range of conditions for supervised release, including serving time in a community corrections facility). A challenge to the constitutionality of a condition of release on parole must be pursued in a habeas proceeding rather than a civil rights action. *See Coleman v. Dretke*, 395 F.3d 216, 219 n. 2 (5th Cir. 2004) (rejecting the argument that a challenge to constitutionality of parole conditions should have been brought under 42 U.S.C. § 1983).

To the extent, if any, that Schilling's temporary housing in an ISF facility implicated a liberty interest, his claim for monetary damages is premature. When a successful civil rights action would necessarily imply the invalidity of a plaintiff's incarceration, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under

28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Schilling makes no claim that the decision resulting in his transfer to an ISF has been reversed, expunged or otherwise invalidated. Accordingly, his complaints relating to ISF confinement are subject to dismissal as no cause of action has accrued under § 1983.

Moreover, "[p]arole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam); *see Woods v. Chapman*, 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam) (parole officials were absolutely immune from suit for damages arising from proceedings to revoke or change conditions of parole). "Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994)). Because Plaintiff's parole officer and the parole supervisors are absolutely immune for decisions made regarding Plaintiff's conditions of parole release, his claims against them for monetary damages are subject to dismissal.

Plaintiff claims that he was "tortured ... for being handicapped" and for refusing to relinquish his "state issued medical boots and federal stamped envelopes" at the Wichita County Jail. Second Amended Complaint ¶ IV.B & V. Specifically, Plaintiff claims that, when he arrived at the jail, he was placed in an extremely cold room with no water and no toilet or toilet paper, and that he had to hold his bowel movement for hours. Plaintiff's Answer to the Court's Question No.1. Plaintiff

further complains that the jail staff's refusal to give him his state issued medical boots resulted in pain due to a past injury and prior surgery.[2] *Id.*

To the extent, if any, that Plaintiff seeks damages resulting from the taking of his property, he cannot prevail in this action. The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). Under the circumstances of the instant case, Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation of property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the property of another which is inconsistent with the rights of the owner. *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App. – Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, *no writ*). If the jail staff exercised unauthorized and unlawful control over Plaintiff's property, he has a factual basis to allege a cause of action in

---

[2] Interestingly, Plaintiff states in an earlier pleading that, within a few months after being released on parole, he worked his way up to the position of foreman with an oil company and was successful enough to wear, among other things, Tony Lama full quill ostrich skin boots. First Amended Complaint p. 2.

conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements. *Groves v. Cox*, 559 F. Supp. 772, 773 (E.D. Va. 1983).

To the extent that Plaintiff seeks redress for cruel and unusual punishment (torture), he cannot prevail. The Eighth Amendment prohibits cruel and unusual punishments. This has been interpreted by the Supreme Court to mean physically barbarous punishments. Such punishments are those which involve "the wanton and unnecessary infliction of pain," or those which are grossly disproportionate to the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Constitution does not mandate comfortable prisons. *Rhodes*, 452 U.S. at 349. If conditions for prisoners are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *See Rhodes*, 452 U.S. at 347. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 .U.S. 1, 9 (1992). In determining whether a deprivation meets this constitutional threshold, the Court looks, in part, to the amount and duration of the deprivation. *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (deprivation of food). Although plaintiff is clearly unhappy with the deprivation of his medial boots and stamped envelopes, he has failed to show that these conditions involved the unnecessary and wanton infliction of pain or that his discomfort was grossly disproportionate to the felony offense for which he was convicted.

While Plaintiff may have suffered some pain if he attempted to walk without his medical boots, the alleged deprivation was short-lived. Plaintiff states that he was taken to the Wichita County Jail on September 26, 2008. Second Amended Complaint ¶ V. In his answers to the Court's

questions, Plaintiff states that he was given medication for the pain resulting from the denial of medical boots. Plaintiff's Answer to the Court's Questions No. 2 & 3. The exhibits attached to Plaintiff's answers to the Court's questionnaire reflect that Plaintiff was given the pain medication beginning October 2, 2008, six days after his arrival at the jail. *See* p. 32 of Plaintiff's Answers to the Court's Questions. The Court finds that the nature and duration of the alleged cruel and unusual punishment does not rise to a level of constitutional magnitude.

Schilling was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which would indicate that his constitutional rights have been violated. *See* Plaintiff's Answers to the Court's Questions.

A district court may dismiss a complaint filed by a prisoner proceeding *in forma pauperis* if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis in law.

For the foregoing reasons, it is ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and with prejudice to it being asserted again unless Plaintiff can demonstrate that the conditions set forth in *Heck v. Humphrey* have been satisfied.[3]

A copy of this Order shall be transmitted to Plaintiff.

SO ORDERED this 26th day of May, 2011.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[3] Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).